ELECTRONICALLY FILED
Pope County Circuit Court
Rachel Oertling, Circuit Clerk
2022-Dec-01  14:14:30
58CV-22-529
C05D04 : 15 Pages

## IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

**DANNY AND DANA DUVALL,**

     **PLAINTIFFS,**

**VS.**                                                    **CASE NO. 58CV-22-____**

**JAGUAR LAND ROVER NORTH AMERICA, LLC,**

     **DEFENDANT.**

### <u>COMPLAINT</u>

Comes now the Plaintiffs, by and through their attorneys, James A. Streett of the Streett Law Firm, P.A. and Joe P. Leniski, Jr. of Branstetter, Stranch and Jennings, PLLC and for their Complaint herein states as follows:

### I.     PARTIES

1.      At all times relevant, Plaintiffs have been individual residents of Pope County, Arkansas.

2.      Upon information and belief, Defendant Jaguar Land Rover North America, LLC ("Defendant") is a for-profit, foreign corporation incorporated under the laws of the state of New Jersey with its principal office located at 100 Jaguar Land Rover Way, Mahwah, New Jersey, 07495.

### II.     JURISDICTION AND VENUE

3.      This court has personal jurisdiction pursuant to Ark. Code. Ann. § 16-4-101, and subject matter jurisdiction pursuant to Ark. Const. amend. 80 § 6(A).

4.      Venue is proper pursuant to Ark. Code Ann. §§ 16-55-213(a)(1) and 16-55-213(a)(3)(A), as Plaintiffs, at all relevant times, were residents of Pope County, Arkansas and

1

the vehicle failure at issue herein occurred within the State of Arkansas.

### III.    FACTUAL ALLEGATIONS

5.    At all times herein, Defendant has been and is in the business of manufacturing, assembling, selling, leasing or otherwise distributing its vehicles to customers, which it intentionally markets, directs and places into the vehicle marketplace of the United States of America and the state of Arkansas.

6.    On November 12, 2021, Plaintiff Danny Duvall purchased a 2019 Jaguar F-Pace S AWD 4D UTV 6-3.0L, supercharged, with 40,951 miles ("the Jaguar") in the state of Arkansas.

7.    Plaintiffs detrimentally relied upon the safety ratings and claims of Defendant in purchasing the Jaguar. For example, Defendant's website boasts of a "five-star safety rating." Specifically, Defendant highlights the alleged safety of its F-Pace vehicles by further boasting of its "autonomous emergency braking with pedestrian detection", which states that it "provides an audible forward collision warning and should the driver not take action, applies the brakes to help reduce the severity of a collision or prevent it."[1]

8.    None-the-less, on December 2, 2021, less than three weeks after the Plaintiffs purchased the Jaguar, Danny and Dana Duvall were involved in an automobile accident on Highway 49 in Benton County, Arkansas when the Jaguar's systems failed causing the Jaguar to rear-end another vehicle at a high rate of speed ("the Crash"), which resulted in significant and serious bodily and monetary injuries to the Plaintiffs.

9.    The Jaguar's airbags also failed to deploy in the Crash, despite the high speed

---

1 https://media.jaguar.com/news/2017/12/jaguar-f-pace-secures-five-star-safety-rating, last accessed 11.28.2022.

2

and significant impact.

10.     At the time of the Crash, the Jaguar had been driven a total 41,397 miles—less than 500 of which were attributable to the Plaintiffs.

11.     Just prior to the Crash, Plaintiff Dana Duvall had attempted to engage the manual brake in the Jaguar, but neither the autonomous emergency braking with pedestrian detection system nor the manual brake would engage. Therefore, Plaintiff Dana Duvall was unable to stop the Jaguar.

12.     Upon information and belief, at all relevant times herein, Defendant has maintained and currently maintains exclusive control over the manufacturing, assembling, selling, leasing or otherwise distributing its vehicles to customers.

13.     Upon information and belief, Defendant expressly warranties its vehicles up to five years or 60,000 miles after market entry, whichever occurs first, and is "fully transferable to subsequent owners and remains in effect during the new vehicle limited warranty coverage period".[2]

14.     Plaintiffs were never warned of the dangers of the Jaguar, including the potential for system failures or braking issues.

15.     At all times hereinafter mentioned, I-49 has been and continues to be a public roadway in the State of Arkansas.

16.     At all times mentioned herein, Plaintiffs were in the exercise of due care and without fault or negligence.

17.     The failure of the Jaguar's system(s) was the sole, direct, and proximate cause

---

2 https://www.jaguarusa.com/owners/service-warranties/limited-warranty.html, last accessed 11.28.2022.

3

of the Crash and the resulting bodily and monetary injuries to Plaintiffs.

18.     As a direct and proximate result of the Crash, the Jaguar has been deemed unsafe to operate and deemed a complete loss.

19.     As a further direct and proximate result of the Crash, Plaintiffs were forced to incur significant medical expenses for treatment of their injuries, pain and suffering, lost wages, and incurred various other monetary expenses related to the Crash.

20.     Plaintiffs will continue to incur medical expenses and pain and suffering in the future as a direct and proximate result of the Crash.

21.     On October 17, 2022, Plaintiffs mailed a letter to Jaguar Land Rover informing them of their intention to pursue all legal remedies available to them under Arkansas and federal law related to the Crash at Defendant's corporate headquarters located in Mahwah, NJ.   The letter was delivered on October 20, 2022 according to the United States Postal Service.

22.     Defendant is and was at all relevant times a "merchant" with respect to motor vehicles under Ark. Code § 4-2-104(1) and UCC § 2-104(1), and "seller[s]" of motor vehicles under Ark. Code § 4-2-103(1)(d) and UCC § 2-103(d).

23.     The Jaguar is and was at all relevant times a "good" within the meaning of Ark. Code §§ 4-2-105(1) and 4-2A-103(1)(h) and UCC § 2-105(1).

24.     Defendant provided, with the sale of the vehicle, a warranty for up to 60,000 miles or for the period of five (5) years from date of purchase, whichever occurred sooner, which transferred to the Plaintiffs upon the date of purchase.[3]

---

3 https://www.jaguarusa.com/owners/service-warranties/limited-warranty.html, last accessed 11.28.2022.

4

## IV.   CAUSES OF ACTION

### Count One:
### Strict Product Liability (under federal and state law)

25.     Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

26.     The Jaguar was supplied by Defendant to market in a defective condition that rendered it unreasonably dangerous to operate.

27.     As a direct and proximate cause of the defective condition of the Jaguar, Plaintiffs suffered actual damages, including but not limited to medical expenses, temporary and permanent personal injury and disfigurement, pain, suffering, and mental anguish and diminished value of the Jaguar in the form of a total loss.

### Count Two:
### Breach of Express Warranty (under federal and state law)

28.     Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

29.     Plaintiffs were entitled to the full benefit of the warranty at the time of the Crash.

30.     Defendant breached the express warranty by introducing a defective vehicle into the stream of commerce, and by failing to disclose the potential system failure(s).

31.     As a direct and proximate cause of Defendant's breach, Plaintiffs have suffered actual damages

### Count Three:
### Breach of Implied Warranty of Merchantability (under federal and state law)

32.     Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

5

4884-6471-6865, v. 1

33.    A warranty that the Jaguar was in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to Ark. Code §§ 4-2-314 and 4-2A-212 and UCC § 2-314(1).

34.    The Jaguar, when sold and driven and at all times thereafter, was not in merchantable condition and is not fit for the ordinary purpose for which vehicles are used. Specifically, the Jaguar is an was inherently defective in that the systems, including the braking system, were prone to fail and so did. The Jaguar has systems that can be rendered inoperative and that was not adequately designed, manufactured, and tested by Defendant.

35.    As a direct and proximate result of the Defendant's breach of the implied warranty of merchantability, Plaintiffs have suffered damages.

### Count Four:
### Breach of Implied Warranty of Fitness (under federal and state law)

36.    Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

37.    A warranty that the Jaguar was in merchantable, usable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to Ark. Code §§ 4-2-314 and 4-2A-212 and UCC § 2-315(1).

38.    The Jaguar, when sold and driven and at all times thereafter, was not in merchantable, usable condition and is not fit for the ordinary purpose for which vehicles are used.    Specifically, the Jaguar is an was inherently defective in that the systems, including the braking system, were prone to fail and so did. The Jaguar has systems that can be rendered inoperative and that were not adequately designed, manufactured, and tested by Defendant.

39.    Customers routinely purchase Defendant's products like the Jaguar for use as

6

an automobile, which is driven on public roadways.

40.     Defendants knew at the time of sale and introduction into the automobile market that the vehicle was intended to be used, including driven on public roadways, sometimes at high speeds.

41.     Defendant also knew at the time of sale that the vehicle and introduction into the automobile market that customers, including Plaintiffs, would detrimentally rely upon its marketing, which included statements and representations regarding the safety and overall performance of its products.[4]

42.     Defendant also knew at the time of sale and introduction into the market that its systems could fail.

43.     Defendant breached the implied warranty of fitness when it sold the Jaguar into the automobile market in such an unsuitable form.

44.     As a direct and proximate result of the Defendant's breach of the implied warranty of fitness, Plaintiffs have suffered damages in excess of that required for federal diversity jurisdiction.

**Count Five:**
**Violations of the Magnuson-Moss Warranty Act under 15 U.S.C. §§ 2301, *et seq.***

45.     Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

46.     Plaintiffs are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

47.     Defendant is a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§

---

4 https://media.jaguar.com/news/2017/12/jaguar-f-pace-secures-five-star-safety-rating, last accessed 11.28.2022.

4884-6471-6865, v. 1

2301(4)-(5).

48.     The Jaguar is a "consumer product" within the meaning of 15 U.S.C. § 2301(1).

49.     Defendant's implied warranty is an "implied warranty" within the meaning of 15 U.S.C. § 2301(7).

50.     Defendants breached the implied warranty by virtue of the above-described acts.

51.     Plaintiffs notified Defendants of the breach within a reasonable time and/or were not required to do so.     Defendants were also on notice of the potential system failure from, among other sources, the complaints and service requests they received from owners of similar Jaguar Land Rover vehicles and their dealers.

52.     Defendant's breach of the implied warranty deprived Plaintiff of the benefits of their bargains.

53.     As a direct and proximate result of Defendant's breach of the implied warranty, Plaintiffs sustained damages.

54.     Defendant's conduct damaged Plaintiffs, who are entitled to recover actual damages, consequential damages, and costs, including statutory attorney fees and/or other relief as appropriate.

## Count Six:
### Negligence (at common law)

55.     Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

56.     Defendant owed a duty of care to Plaintiffs to design, manufacture and produce a vehicle that was safe for use in its intended purpose.

57.     Defendant breached its duty by supplying a defective product to the market,

8

which the Plaintiffs subsequently purchased.

58.     The knowledge of the systems failure, design, manufacture, and production of the Jaguar was and is within the exclusive control of Defendant.

59.     As a direct and proximate cause of the Defendant's breach of its duty, Plaintiffs suffered actual damages.

## Count Seven:
## Loss of Consortium (at common law)

60.     Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

61.     The Plaintiffs have also suffered a loss of services, society, companionship, and marital relationship since the Crash, all of which were directly and proximately caused by Defendants failures, for which they are entitled to recover.

## Count Eight:
## Breach of Contract (at common law)

62.     Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

63.     The Plaintiffs and Defendant entered into an express or implied/*quasi* and enforceable contract related to the Plaintiffs purchase of the Jaguar and the ongoing warranty related thereto.

64.     Pursuant to the terms of the contract, Defendant was required to provide a suitable, non-defective automobile for use.

65.     Defendant breached the implied contract by failing to provide a suitable, non-defective automobile to the market in the form of the Jaguar, which Plaintiffs ultimately paid and contracted for.

9

66.     Defendant's breach was the proximate, sole, and direct cause of Plaintiffs' actual damages as set forth herein. Plaintiffs are entitled to recover those damages as well as their attorney's fees and costs pursuant to Arkansas law.

### Count Nine:
### Unjust Enrichment (at common law)

67.     Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

68.     Plaintiffs suffered a detriment by purchasing the Jaguar, which was not a fully functional automobile fit for its intended use at the time of purchase.

69.     Defendant was compensated for the Jaguar at the time of the sale, and upon its subsequent, initial release into the market.

70.     However, because of the Jaguar's deficiencies, Defendant was over-compensated and unjustly enriched by the sale of the Jaguar.

71.     Therefore, Defendant should not be allowed to retain its ill-gotten gains which, as a matter of equity and good conscience, should be disgorged as called for by Arkansas law.

### Count Ten: Violations of the Deceptive Trade Practices Act
### (Ark. Code Ann. § 4-88-101, et seq.)

72.     Defendants, Plaintiffs, and the Arkansas Class are "persons" within the meaning of Arkansas Deceptive Trade Practices Act ("Arkansas DTPA"), Ark. Code Ann. § 4-88-102(5).

73.     The Jaguar is a "good" within the meaning of Ark. Code Ann. § 4-88-102(4).

74.     The Arkansas DTPA prohibits "[d]eceptive and unconscionable trade practices," which include, but are not limited to, a list of enumerated items, including "[e]ngaging in any other unconscionable, false, or deceptive act or practice in business,

10

commerce, or trade[.]" Ark. Code Ann. § 4-88-107(a)(10).    The Arkansas DTPA also prohibits the following when utilized in connection with the sale or advertisement of any goods: "(1) The act, use, or employment by any person of any deception, fraud, or false pretense; or (2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission." Ark. Code Ann. § 4-88-108.

75.    Defendant willfully and knowingly concealed their knowledge of the possibility of the failure of one or more of the Jaguar's systems, and instead advertised their products with a "five-star safety rating."[5]

76.    Plaintiffs had no way of discerning that Defendant's representations were false and misleading because the system's software was extremely sophisticated technology. Plaintiffs did not and could not unravel Defendant's deception on their own.

77.    Defendants thus violated the Act by, at minimum: employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Jaguar.

78.    Defendant's actions as set forth above occurred in the conduct of trade or commerce.

79.    Defendant engaged in misleading, false, unfair or deceptive acts or practices that violated the Arkansas DTPA by designing, manufacturing, marketing, selling, and subsequently failing to disclose and actively concealing the true safety and performance of

---

5 https://media.jaguar.com/news/2017/12/jaguar-f-pace-secures-five-star-safety-rating, last accessed 11.28.2022.

the Jaguar's system, by marketing its vehicles as legal, reliable, efficient, and of high quality and safety, and by presenting itself as a reputable manufacturer that valued such, and that stood behind its vehicles after they were sold.

80.     Defendant intentionally and knowingly misrepresented material facts regarding the Jaguar with intent to mislead Plaintiffs and other customers of Defendant.

81.     Defendant knew or should have known that its conduct violated the Arkansas DTPA.

82.     Defendant owed Plaintiffs a duty to disclose illegality and public health and safety risks, of the Jaguar and the devaluing of safety at Defendant, because Defendant:

    a)    possessed exclusive knowledge that they were manufacturing, selling, and distributing vehicles throughout the United States that might not comply with safety regulations given the prior systems failure and braking issues other products of Defendant has faced;

    b)    intentionally concealed the foregoing from regulators and Plaintiffs, along with other potential customers of Defendant; and/or

    c)    made incomplete representations about the safety and efficiency of the Jaguar generally, and the use of the vehicle in particular, while purposefully withholding material facts from Plaintiffs that contradicted these representations.

83.     Defendant's fraudulent advertisement of its safety ratings and its concealment of the true characteristics of the system were material to Plaintiffs.

84.     Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive regulators and reasonable consumers, including Plaintiffs, about the true safety of

Defendant-branded vehicles, the quality of the Defendant brand, the devaluing of actual safety and integrity at Defendant, and the true value of the Jaguar.

85.     Plaintiffs suffered actual and ascertainable loss and damages as a direct and proximate result of Defendant's misrepresentations and its concealment of and failure to disclose material information.     Plaintiffs and other customers of Defendant who purchased or leased the Jaguar would not have purchased or leased them at all and/or—if the Vehicles' true nature had been disclosed and mitigated, and the Vehicles rendered legal to sell—would have paid significantly less for them.     Plaintiffs also suffered diminished value of their vehicle, as well as lost or diminished use.

86.     As a direct and proximate result of the forgoing, Plaintiffs o suffered actual and ascertainable damages.

87.     Defendant's violations present a continuing risk to Plaintiffs as well as to the general public.     Defendant's unlawful acts and practices complained of herein affect the public interest as this same defective make and model vehicle remains at large on the roadways of the State of Arkansas and beyond.

## V.     JURY DEMAND

88.     Plaintiffs request a trial by jury on all issues herein deemed so triable under Arkansas law.

## VI.     PUNITIVE DAMAGES

Plaintiff hereby requests an award of punitive damages in accordance with Ark. Code. Ann § 16-55-206.     In support of their award, Plaintiffs would show the Court as follows:

a.   Defendant is liable for compensatory damages to Plaintiffs with respect to the damages Plaintiffs suffered as a result of the Crash; and

13

b. Defendant knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage, and Defendant continued its conduct of placing unfit and unsafe automobiles into the stream of commerce intentionally with malice or in reckless disregard of the consequences, from which malice can be inferred.

Therefore, Plaintiffs are entitled to an award of punitive damages under Arkansas law.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray the Court to grant the following relief:

a) Compensatory damages in an amount to be determined at trial with respect to each count as described above but in excess of that required for Federal Diversity Jurisdiction;

b) Punitive damages in an amount to be determined at trial with respect to each applicable count as described above;

c) An order enjoining Defendant's unfair, unlawful, and/or deceptive practices;

d) Attorney's fees and costs as provided for by Arkansas and Federal law; and

e) Any other relief that this Court deems just and proper.

DATED: December 1, 2022                    Respectfully submitted,


By:   /s/ James A. Streett
      STREETT LAW FIRM, P.A.
      James A. Streett, ABA #2007092
      107 West Main
      Russellville, AR 72801
      Telephone:   479-968-2030
      Facsimile:    479-968-6253
      Email:   James@StreettLaw.com

14

and

BRANSTETTER, STRANCH, AND
JENNINGS, PLLC
Joe P. Leniski, Jr., ABA #2022269
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615-254-8801
Facsimile: 615-255-5419
Email:   joeyl@bsjfirm.com

*ATTORNEYS FOR PLAINTIFFS*

15



## STREETT
### LAW FIRM, P.A.
— ESTABLISHED 1966 —

107 WEST MAIN STREET • RUSSELLVILLE, ARKANSAS 72801



CERTIF

 RDC 99

 19808

U.S. POSTAGE PAID
FCM LG ENV
RUSSELLVILLE, AR
72801
DEC 02, 22
AMOUNT **5.52**
R2305H129840-03



7018 1830 0001 2960 3883

RESTRICTED DELIVERY

Jaguar Land Rover North America, LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

RESTRICTED DELIVERY